## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| DEANNA MULLINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | Case No. 4:21-CV-852-NAB |
| | ) | |
| KILOLO KIJAKAZI, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## <u>MEMORANDUM OPINION</u>

This is an action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for judicial review of the final decision of Defendant Kilolo Kijakazi, Acting Commissioner of Social Security (the "Commissioner") denying the application of Plaintiff Deanna Mullins ("Plaintiff") for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*, and for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381, *et seq.* (the "Act"). The parties consented to the jurisdiction of the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c). (Doc. 8). Because I find the decision denying benefits was supported by substantial evidence, I will affirm the Commissioner's denial of Plaintiff's application.

### I.   PROCEDURAL BACKGROUND

In March 2018, Plaintiff filed an application for DIB and SSI. (Tr. 257-62, 263-66).  In both applications, she alleged disability due to keratoconus/glaucoma in both eyes, hypertension and supraventricular tachycardia (SVT), chronic irritable bowel syndrome, asthma, allergies, migraines, lower back pain, and plantar fasciitis in both feet beginning on June 8, 2016. (Tr. 49,

112, 126).  After Plaintiff's applications were denied on initial consideration (Tr. 141-46, 147-52), she requested a hearing from an Administrative Law Judge ("ALJ").  (Tr. 159, 161-62). Plaintiff and counsel appeared for a hearing on October 21, 2019.  (Tr. 60-86).[1] The ALJ held a supplemental hearing on May 21, 2020 (Tr. 87-110), at which Plaintiff amended her alleged onset date to January 1, 2009. (Tr. 90, 291). The ALJ issued a decision denying Plaintiff's applications on July 23, 2020.  (Tr. 19-31).  Plaintiff filed a request for review of the ALJ's decision and submitted a brief in support of this request (Tr. 254-56, 428-29), but the Appeals Council denied plaintiff's request for review on January 19, 2021.  (Tr. 5-7). Plaintiff then submitted a letter to the Appeals Council requesting an extension of time to file for court review (Tr. 3-4), which the Appeals Council granted on June 14, 2021. (Tr. 1-2). Plaintiff has exhausted all administrative remedies, and the decision of the ALJ stands as the final decision of the Commissioner of the Social Security Administration.

   With regard to Plaintiff's testimony, medical and vocational records, the Court accepts the facts as set forth in the parties' statements of facts and responses.

## II.   STANDARD FOR DETERMINING DISABILITY UNDER THE ACT

   To be eligible for benefits under the Social Security Act, a claimant must prove he or she is disabled. *Pearsall v. Massanari,* 274 F.3d 1211, 1217 (8th Cir. 2001); *Baker v. Sec'y of Health & Hum. Servs.*, 955 F.2d 552, 555 (8th Cir. 1992). When determining whether an individual is disabled,[2] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal

---

[1]    At the initial hearing, Plaintiff testified about her vision and used a magnifying glass to read. (Tr. 70-74). The ALJ concluded that an additional consultative examination was necessary so the ALJ could adequately classify Plaintiff's vision and restrictions, and after such examination, another hearing would be scheduled. (Tr. 83-84).

[2]    Under the Social Security Act, a person is disabled if she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A); 1382c(a)(3)(A). *Accord Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010).

Regulations, determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations;[3] (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. §§ 404.1520, 416.920; *see also McCoy v. Astrue*, 648 F.3d 605, 611 (8th Cir. 2011) (discussing the five-step process). Prior to Step Four, the Commissioner assesses the claimant's residual functional capacity ("RFC"), 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4), which "the most [a claimant] can still do despite [his or her] limitations," 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

Through Step Four, the burden remains with the claimant to prove that he or she is disabled. *See Moore*, 572 F.3d at 523. At Step Five, the burden shifts to the Commissioner. *Id.*; *Brock v. Astrue*, 674 F.3d 1062, 1064 (8th Cir. 2012); 20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2).

## III.    THE ALJ'S DECISION

Applying the foregoing five-step analysis, the ALJ in this case found, at step one, that Plaintiff has not engaged in substantial gainful activity since January 1, 2009, the amended alleged onset date. (Tr. 22). At step two, the ALJ found that Plaintiff had the following severe impairments: open angle keratoconus; glaucoma; coronary artery dissection with myocardial infarction; osteoarthritis; degenerative disc disease; and lumbar lordosis. (Tr. 22). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1. (Tr. 23).

The ALJ found that Plaintiff had the following RFC:

---

[3]      Prior to Step Four, the Commissioner assesses the claimant's residual functional capacity ("RFC"), 20 C.F.R. § 404.1520(a)(4), which is "the most [a claimant] can still do despite [his or her] limitations." 20 C.F.R. § 404.1545(a)(1). *See also Moore v. Astrue*, 572 F.3d 520, 523 (8th Cir. 2009).

> [Plaintiff can] perform light work as defined in 20 [C.F.R. §§] 404.1567(b) and
> 416.967(b) except is limited to only occasional ramps and stairs, no ladders, ropes
> or scaffolds, only occasional balance (as defined by the [Dictionary of Occupational
> Titles]), and occasional stoop, kneel, crouch, crawl. [Plaintiff] can perform no tasks
> that require reading fine print, but who can only occasionally read ordinary book
> print, but who is able to avoid ordinary work hazards, no unprotected heights, no
> hazardous machinery.

(Tr. 24). Moving to step four, the ALJ found that Plaintiff is unable to perform any past relevant

work. (Tr. 29). At the fifth and final step of the sequential inquiry, after considering Plaintiff's age,

education, work experience, and RFC, the ALJ relied on the testimony of the vocational expert

and found that there are jobs that exist in numbers in the national economy that Plaintiff can

perform, such as cafeteria attendant, housekeeper, and sales attendant. (Tr. 29-30). The ALJ

concluded that Plaintiff "has not been under a disability . . . from January 1, 2009, through the date

of th[e] decision." (Tr. 30).

## IV.    DISCUSSION

Plaintiff challenges the ALJ's decision on four grounds: 1) it fails to properly evaluate

medical opinion evidence; 2) it lacks a proper pain evaluation; 3) Plaintiff's migraines were not

found to be a severe impairment; and 4) the RFC is not supported by substantial evidence.

### A.    STANDARD OF REVIEW

The decision of the Commissioner must be affirmed if it "complies with the relevant legal

requirements and is supported by substantial evidence in the record as a whole." *Pate-Fires v.*

*Astrue*, 564 F.3d 935, 942 (8th Cir. 2009) (quoting *Ford v. Astrue*, 58 F.3d 979, 981 (8th Cir.

2008)); *see also* 42 U.S.C. §§ 405(g); 1383(c)(3). "Under the substantial-evidence standard, a

court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence'

to support the agency's factual determinations." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019)

(quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). "Substantial evidence is less

than a preponderance, but is enough that a reasonable mind would find it adequate to support the

Commissioner's conclusion." *Pate-Fires*, 564 F.3d at 942 (quotation marks omitted). *See also Biestek*, 139 S. Ct. at 1154 ("Substantial evidence . . . means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'") (quoting *Consol. Edison*, 305 U.S. at 229).

In determining whether substantial evidence supports the Commissioner's decision, the court considers both evidence that supports that decision and evidence that detracts from that decision. *Renstrom v. Astrue*, 680 F.3d 1057, 1063 (8th Cir. 2012). However, the court "'do[es] not reweigh the evidence presented to the ALJ, and [it] defer[s] to the ALJ's determinations regarding the credibility of testimony, as long as those determinations are supported by good reasons and substantial evidence.'" *Id.* at 1064 (quoting *Gonzales v. Barnhart*, 465 F.3d 890, 894 (8th Cir. 2006)). "If, after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the ALJ's findings, the court must affirm the ALJ's decision." *Partee v. Astrue*, 638 F.3d 860, 863 (8th Cir. 2011) (quoting *Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir. 2005)).

### B.   MEDICAL OPINION EVIDENCE

Plaintiff's first argument is that the ALJ's decision fails to properly evaluate medical opinion evidence.

Because Plaintiff filed her applications after March 27, 2017, this Court applies 20 C.F.R. §§ 404.1520c, 416.920c. Under the new regulations, an ALJ is no longer required to "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [claimant's] medical sources." 20 C.F.R. § 404.1520c(a), 416.920c(a). Instead, the ALJ must evaluate the persuasiveness of such opinions by considering five factors: supportability, consistency, relationship with the claimant, specialization, and other factors that tend to support or contradict the opinion. 20 C.F.R. §§

404.1520c(c), 416.920c(c). The most important factors are supportability and consistency. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). The ALJ acknowledged application of these new regulations in the opinion. (Tr. 24).

Here, Plaintiff argues that the ALJ did not properly articulate the supportability and consistency factors as required by the regulations. Responding, the Commissioner asserts that the decision is supported by substantial evidence.

The ALJ's Decision reflects that she properly considered the two medical opinion evidence of record. The first opinion analyzed by the ALJ is that of Michael O'Day, D.O., the state agency medical consultant who rendered his opinion in December 2018. (Tr. 28, 117-24, 130-38). The ALJ found this opinion persuasive and stated the following:

> [Dr.] O'Day . . . opined that in December 2018 that [Plaintiff] could perform light exertional work with postural, visual, and environmental limitations. The undersigned has considered this opinion and finds that it is persuasive. The findings are reasonably well supported with explanation of what the doctor saw in the record Further, the undersigned finds that the opinion is consistent with the record as a whole. Notably, [Plaintiff] alleged that she has difficulty performing exertional and postural activities. She also indicated that she has problems reading print and experiences heart palpitations. Upon examination, [Plaintiff] was observed to have some fluctuation with her visual acuity with some constriction in her left eye, but generally had stable findings bilaterally, including adequate visual field in her right eye. Although [Plaintiff] was hospitalized for a coronary artery dissection and myocardial infarction, her condition was improved on medication. Further, she had normal heart rate and rhythm, as well as no murmurs, rubs, or gallops. Therefore, the above opinion is persuasive.

(Tr. 28) (internal citations omitted). Plaintiff argues that this analysis does not meet the articulation requirement stated in the regulations because as to supportability, the analysis fails to provide any real explanation of what objective medical evidence or explanations supports the opinion, and as to consistency, it fails to explain how the findings are consistent with the RFC. The Court disagrees. The ALJ adequately explained the reasoning for finding Dr. O'Day's opinion persuasive, which included referring and citing to examinations and findings from those exams.

The second opinion in the record is that of Robert Lewis, M.D., an ophthalmologist who performed a consultative exam on Plaintiff in November 2019. (Tr. 28-29, 1319-26). The ALJ also found Dr. Lewis's opinion persuasive and stated the following:

> [Dr. Lewis opined] that [Plaintiff] should avoid ordinary hazards in the workplace; would have difficulty reading ordinary newspaper or book print; would be able to view a computer screen; and would be able to determine differences in shape and color of small objects The undersigned has considered this opinion and finds that it is persuasive. The opinion is reasonably well supported by objective evidence in the form of diagnostic evaluation that accompanied it. Further, the undersigned finds that the opinion is mostly consistent with the record as a whole. Evaluation of [Plaintiff]'s eyes shows that she had keratoconus in both eyes, as well as glaucoma. Although she had some fluctuation with her visual acuity, she generally had stable findings in her eyes. Therefore, the above opinion is persuasive.

(Tr. 28-29) (internal citations omitted). Plaintiff makes similar arguments she made regarding Dr. O'Day's opinion except she contends that the ALJ provided even less rationale for Dr. Lewis's opinion. The Court disagrees. As Defendant points out, the ALJ cites to Dr. Lewis's examination of Plaintiff in the decision and that record explains the findings of the consultative exam. (Tr. 28) (citing to Tr. 1325-26). The ALJ goes on to explain that those findings were similar to Plaintiff's other medical records, which thoroughly document the history of Plaintiff's medical treatment for her vision.

Although Plaintiff argues that the ALJ did not articulate enough to satisfy the regulations, this Court has also found that the opinion evidence should also be considered in tandem with the entire RFC analysis. "The paragraph concerning the ALJ's evaluation of [a medical] opinion cannot be read in isolation but must be read as part of the overall discussion of plaintiff's RFC assessment." *Wilcox v. Saul*, No. 4:20-CV-1285-SRW, 2021 WL 6196834, at *13 (E.D. Mo. Dec. 30, 2021) (quoting *Trosper v. Saul*, No. 1:20-CV-51-DDN, 2021 WL 1857124, at *5 (E.D. Mo. May 10, 2021)). Thus, when read in context, as part of the overall discussion of Plaintiff's RFC,

the Court finds the ALJ appropriately considered the medical and nonmedical evidence in the record. The ALJ's thorough review of the record supports her evaluation of the opinion evidence.

### C.    PAIN EVALUATION

Plaintiff's second argument is that the ALJ's decision lacks a proper pain evaluation.

Courts normally defer to an ALJ's credibility determination. *See Halverson v. Astrue*, 600 F.3d 922, 932 (8th Cir. 2010).[4] Per 20 C.F.R. §§ 404.1529 and 416.929, when evaluating disability, the SSA will "consider all your symptoms, including pain, and the extent to which your symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence." The Eighth Circuit has held that the ALJ must consider the five *Polaski* factors when considering a claimant's subjective descriptions of disabling pain: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of medication; and (5) functional restrictions. *Grindley v. Kijakazi*, 9 F.4th 622, 630 (8th Cir. 2021) (citing *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984)). But the ALJ is "not required to discuss each *Polaski* factor so long as [she] acknowledges and considers the factors before discounting a claimant's subjective complaints." *Halverson v. Astrue*, 600 F.3d 922, 932 (8th Cir. 2010) (citation omitted).

"After careful consideration of the evidence," the ALJ concluded that Plaintiff's "statements concerning the intensity, persistence and limiting effect of [her] symptoms are not

---

[4]      In 2017, the SSA issued new guidance to ALJs about how to evaluate subjective complaints of pain and other symptoms. The SSA has "eliminat[ed] the use of the term 'credibility' from [its] sub-regulatory policy, as [the R]egulations do not use this term." SSR 16-3P, 2017 WL 5180304, at *2 (Oct. 25, 2017). "In doing so, [the SSA has] clarif[ied] that subjective symptom evaluation is not an examination of an individual's character." *Id.* Accordingly, ALJs are "instruct[ed] . . . to consider all of the evidence in an individual's record when they evaluate the intensity and persistence of symptoms after they find that the individual has a medically determinable impairment(s) that could reasonably be expected to produce those symptoms." *Id.* "The change in wording is meant to clarify that [ALJs] aren't in the business of impeaching claimants' character; obviously [ALJs] will continue to assess the credibility of pain assertions by applicants, especially as such assertions often cannot be either credited or rejected on the basis of medical evidence." *Cole v. Colvin*, 831 F.3d 411, 412 (7th Cir. 2016) (emphasis in original).

entirely consistent with the medical evidence and other evidence in the record[.]" (Tr. at 27). Prior to this statement, and consistent with the Eighth Circuit's requirements, the ALJ recognized her obligation to assess Plaintiff's symptoms based on the requirements of 20 C.F.R. §§ 404.1529, 416.929, and SSR 16-3p. (Tr. at 24-25). *See Schultz v. Astrue*, 479 F.3d 979, 983 (8th Cir. 2007) (citation omitted) (recognizing 20 C.F.R. § 404.1529 "largely mirror[s] the *Polaski* factors").

Here, Plaintiff challenges the ALJ's decision by arguing that it fails to explain how improvement in Plaintiff's condition is inconsistent with her allegations and fails to discuss the *Polaski* factors. The Commissioner asserts that the decision is supported by substantial evidence.

The Court finds that the ALJ appropriately discounted Plaintiff's allegations of disabling pain based on the objective medical evidence. While the Court agrees that the ALJ could have provided more analysis, it was not reversible error. The Eighth Circuit has recently held that an ALJ "is entitled to make a factual determination that a claimant's subjective pain complaints are not credible in light of objective medical evidence to the contrary." *Grindley*, 9 F.4th at 630 (citation omitted). The ALJ adequately and thoroughly the discussed medical evidence of record. Contrary to Plaintiff's assertions that the ALJ did not discuss the *Polaski* factors, the ALJ noted that Plaintiff's heart condition improved with rehabilitation and medication. Further, the ALJ accounted for Plaintiff's problems reading print and incorporated a limitation for her vision into the RFC. Based on the foregoing, the ALJ's decision is supported by substantial evidence.

### D.    SEVERE IMPAIRMENTS

Plaintiff's third argument is that the ALJ committed reversible error by failing to find her migraines were a severe impairment.

At Step Two, the ALJ must determine whether the claimant has "a severe medically determinable physical or mental impairment," or "a combination of impairments that is severe,"

that lasted or is expected to last for at least twelve months. *See* 20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii), 416.909; 416.920(a)(4)(ii). "An impairment is not severe if it amounts only to a slight abnormality that would not significantly limit the claimant's physical or mental ability to do basic work activities." *Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007). Basic work activities are "the abilities and aptitudes necessary to do most jobs," including, among other things, understanding, carrying out, and remembering simple instructions; use of judgment; responding appropriately to supervision, co-workers and usual work situations; and dealing with changes in a routine work setting. 20 C.F.R. §§ 404.1522(b), 416.922(b).

While the requirement of severity is "not a toothless standard," it is also not an "onerous requirement." *Kirby*, 500 F.3d at 707. Additionally, though it is Plaintiff's burden to prove the existence of severe impairments, "the burden of a claimant at this stage of the analysis is not great." *Caviness v. Massanari*, 250 F.3d 603, 605 (8th Cir. 2001). "The sequential evaluation process may be terminated at step two only when the claimant's impairment or combination of impairments would have no more than a minimal impact on her ability to work." *Id.* (quoting *Nguyen v. Chater*, 75 F.3d 429, 430-31 (8th Cir.1996)). Further, the ALJ may not "pick and choose only evidence in the record buttressing his conclusion." *Taylor ex rel. McKinnies v. Barnhart*, 333 F. Supp. 2d 846, 856 (E.D. Mo. 2004).

Here, Plaintiff argues that the ALJ committed reversible error for not finding her migraines were a severe impairment because the medical records show various complaints, treatment, and medications for migraines. The Commissioner responds by asserting that Plaintiff mistakes her subjective complaints for objective medical evidence and that subjective complaints cannot be the basis for finding a disability.

The Court finds that the ALJ did not commit reversible error by failing to find Plaintiff's migraines were a severe impairment. In finding Plaintiff's migraines (along with several other

medically determinable impairments) as a non-severe impairment, the ALJ reasoned that the conditions were being managed medically and the longitudinal records show her migraines did not cause any ongoing functional limitations. (Tr. 22).   The ALJ also noted that no aggressive treatment was recommended or anticipated for the condition. (Tr. 22). The Court notes that some medical records do show Plaintiff's complaints of migraines over the course of the relevant time-period and that she took some medication for this ailment. (*See, e.g.,* Tr. 1330, 1370). The undersigned further acknowledges that the administrative transcript contains a letter from Plaintiff's daughter, detailing Plaintiff's migraines and the impact these had on Plaintiff. (Tr. 424-25). However, the record also shows that Plaintiff denied having headaches.  (*See, e.g.,* Tr. 484, 511, 514, 516, 535, 1485). Additionally, the ALJ does mention Plaintiff's complaints of migraines and discussed her treatment for such in January 2020, and how physical examination appeared unremarkable. (Tr. 27). Thus, it is clear that, while the ALJ did not specifically find Plaintiff's migraines severe, the ALJ was aware of these complaints and considered them in formulating the RFC.

To the extent that the ALJ erred at Step Two with respect to Plaintiff's migraines, the Court finds that error was harmless in this case. Courts have held an error at Step Two may be harmless if the ALJ nonetheless considered all of a plaintiff's impairments, severe and non-severe, in his or her subsequent analysis. *See Fendler v. Saul*, No. 4:21-CV-614-SRW, 2022 WL 3153717, at *7 (E.D. Mo. Aug. 8, 2022) (citing *Spainhour v. Astrue*, 2012 WL 5362232, at *3 (W.D. Mo. Oct. 30, 2012) ("[E]ven if the ALJ erred in not finding plaintiff's shoulder injury and depression to be severe impairments at step 2, such error was harmless because the ALJ clearly considered all of plaintiff's limitations severe and nonsevere in determining plaintiff's RFC.")); *Givans v. Astrue*, No. 4:10-CV-417-CDP, 2012 WL 1060123, at *17 (E.D. Mo. March 29, 2012) (holding that even if the ALJ erred in failing to find one of the plaintiff's mental impairments to be severe, the error

was harmless because the ALJ found other severe impairments and considered both those impairments and the plaintiff's non-severe impairments when determining Plaintiff's RFC). As discussed above, the ALJ clearly considered Plaintiff's migraines when formulating the RFC and this is not reversible error.

### E.    RFC ASSESSMENT

Plaintiff fourth and final argument is that the RFC is not supported by substantial evidence.

An ALJ determines the RFC "based on all the relevant evidence, including the medical records, observations of treating physicians and others, and an individual's own description of [her] limitations." *Strongson v. Barnhart*, 361 F.3d 1066, 1070 (8th Cir. 2004) (citation omitted). "Because a claimant's RFC is a medical question, an ALJ's assessment of it must be supported by some medical evidence of the claimant's ability to function in the workplace." *Combs v. Berryhill*, 878 F.3d 642, 646 (8th Cir. 2017). But an ALJ "is not limited to considering medical evidence exclusively," as even though the "RFC assessment draws from medical sources for support, it is ultimately an administrative determination reserved to the Commissioner." *Cox v. Astrue*, 495 F.3d 614, 619 (8th Cir. 2007).

The Court recognizes that an ALJ "may not draw upon [her] own inferences from medical reports." *Nevland v. Apfel*, 204 F.3d 853, 858 (8th Cir. 2000). The Eighth Circuit has held that the "interpretation of physicians' findings is a factual matter left to the ALJ's authority." *Mabry v. Colvin*, 815 F.3d 386, 391 (8th Cir. 2016) (citation omitted). In this case, the ALJ performed an extensive review of relevant evidence, including Plaintiff's substantial medical records, before concluding Plaintiff was capable of light work with certain additional limitations. This analysis was entirely consistent with the applicable regulations. The ALJ assessed objective medical evidence, carefully described various objective findings, and cited numerous sources of objective medical evidence across Plaintiff's many physician visits and tests. (Tr. 24-29).

Additionally, the ALJ's consideration of the State agency physicians' opinions was not itself an error because the ALJ must consider all relevant evidence. *See Tellez v. Barnhart*, 403 F.3d 953, 957 (8th Cir. 2005). Further, the SSA regulations recognize that state agency medical consultants are "highly qualified and experts in Social Security disability evaluation." 20 C.F.R. § 404.1513a(b)(1); *see also Collins v. Kijakazi*, No. 6:20-CV-3237-MDH, 2021 WL 3909670, at *4 (W.D. Mo. Aug. 31, 2021) ("The new regulations require the ALJ to consider the opinions of state agency medical consultants because they are highly qualified experts in Social Security disability evaluation."). As discussed above, the ALJ did consider all relevant evidence as shown throughout the decision, which includes discussion of the medical records. (Tr. 24-29). The ALJ's decision is supported by substantial evidence.

## V.    CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that the relief requested in Plaintiff's Complaint and Brief is **DENIED**. (Docs. 1, 25).

**IT IS FURTHER ORDERED** that the decision of the Commissioner is **AFFIRMED.**

_____

NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE

Dated this 2nd day of December, 2022.